IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>RAMON SHORTER<br><br>      Defendant. | Cv. No. 04-2043-D/V<br>Cr. No. 01-20041-D |

ORDER DENYING MOTIONS TO AMEND AND SUPPLEMENT
AND
ORDER DIRECTING UNITED STATES TO RESPOND

On January 26, 2004, defendant, Ramon Shorter, Bureau of
Prisons registration number 97558-079, an inmate at the United
States Penitentiary ("USP") in Beaumont, Texas, filed a motion
under 28 U.S.C. § 2255, seeking to set aside the sentence imposed
for his conviction for violating 18 U.S.C. § 371, 18 U.S.C. § 2113,
and 18 U.S.C. § 924.

I. PROCEDURAL HISTORY

On March 1, 2001, a federal grand jury returned a five-count
indictment against Shorter charging him with conspiracy to defraud
the United States, bank robbery by violence resulting in death, and
committing a violent crime by use of a machine gun.  On October 30,
2002, Shorter pled guilty.  This Court conducted a sentencing
hearing and entered its judgment on January 17, 2003, imposing a
sentence of life imprisonment.  Shorter did not appeal.

Defendant now claims that his sentence should be set aside due
to ineffective assistance of counsel occurring during the entry of

his guilty plea and at sentencing.  Specifically, he alleges that counsel failed to:

1.   raise a claim of double jeopardy;

2.   object to the use of an erroneous offense level; and

3.   file an appeal.

## II.  MOTIONS TO SUPPLEMENT AND AMEND

On July 30, 2004 and September 10, 2004, Shorter filed motions to supplement his pending § 2255 with a claim that his conviction and sentence violate the principles announced in Blakely v. Washington, 542 U.S. 296 (2004).  On November 29, 2004, Shorter filed a motion to amend his pleading to add an additional issue regarding the Court's jurisdiction.  On February 17, 2005, Shorter filed a motion to supplement his motion filed on September 10, 2004, with an exhibit.

Shorter's conviction became final no later than January 27, 2003, the last day on which he could have a notice of appeal.  The mandate of Fed. R. Civ. P. 15(a), that a court freely grant leave to amend when justice so requires, has been interpreted to allow supplementation and clarification of claims initially raised in a timely § 2255 motion.  See Anderson v. United States, No. 01-2476, 2002 WL 857742 at *3(6th Cir. May 3, 2002); Oleson v. United States, No. 00-1938, 2001 WL 1631828 (6th Cir. Dec. 14, 2001). Shorter's motion filed on January 26, 2004 was timely.  However, the time to amend to raise additional claims expired on January 27, 2004.

2

Once the statute of limitations has expired, allowing amendment of a petition with additional grounds for relief would defeat the purpose of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, inter alia, at 28 U.S.C. § 2244 et seq.)(AEDPA). Oleson, 2001 WL 1631828 at *3 (citing United States v. Thomas, 221 F.3d 430, 436 (3d Cir. 2000)("[A] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired.")).[1]

The motions to amend and supplement do not supplement the original claims of the petition, the motions raise additional claims. The motions and claims are untimely and the issues therein are barred by the AEDPA statute of limitations.

Furthermore, to the extent defendant seeks to raise new issues or supplement pending issues to seek relief under the principles enunciated in Blakely, such amendment would be futile. See Oleson v. United States, 27 Fed. Appx. 566, 570-71 n. 5 (6th Cir. 2001)(holding motions seeking to amend to retroactively apply Apprendi v. New Jersey, 530 U.S. 466 (2000), to initial § 2255 motions futile, because Apprendi was not retroactive in effect and citing United States v. Sanders, 247 F.3d 139, 146-51 (4th Cir. 2001)). Shorter cannot demonstrate that Blakely has been "made retroactively applicable to cases on collateral review." 28 U.S.C.

---

[1]    See also United States v. Pittman, 209 F.3d 314, 317-18 (4th Cir. 2000)("The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c). . . . Such a broad view of 'relation back' would undermine the limitations period set by Congress in the AEDPA" (citing United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999)).

§ 2255.  New rules of constitutional criminal procedure are generally not applied to cases on collateral review.  Teague v. Lane, 489 U.S. 288 (1989).

In United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005), although the Supreme Court determined that its holding in Blakeley applies to the Sentencing Guidelines, Booker, 125 S. Ct. at 755-56, the Court also expressly stated that its holding must be applied to all cases on direct review.  Booker, 125 S. Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")).

The Sixth Circuit determined in Humphress v. United States, 398 F.3d 855 (Feb. 25, 2005), that the rule of Booker does not fall within the second exception of Teague.  Id. at 863(noting that the Supreme Court has never held that a new rule of criminal procedure falls with the second exception of Teague).  Thus, the Sixth Circuit concluded that the rule of Booker does not apply retroactively in collateral proceedings.  Humphress, 398 F.3d at 860.

Accordingly, it would be futile to allow Shorter to amend or supplement his motion to vacate to seek retroactive application of Blakely.  All of Shorter's motions to amend and supplement are hereby DENIED.

4

III. <u>ORDER TO RESPOND</u>

It is ORDERED that the United States file a response to the motion within twenty-three days from the date of this order.  The Clerk shall provide a copy of the motion in this cause and this order to the United States Attorney for the Western District of Tennessee.

IT IS SO ORDERED this _27_ day of January, 2006.

/S/ Judge Benice Bouie Donald
United States District Court